FENNEMORE CRAIG, P.C.
300 S. FOURTH STREET, SUITE 200
LAS VEGAS, NEVADA 89101

1
2

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 3  In re<br>4  LAS VEGAS MONORAIL COMPANY,<br>    a Nevada non-profit corporation,<br>5<br>6           Debtor. | Case No.: No. BK-S-10-10464-BAM<br>Chapter 11<br><br>USDC Case No.: 2:10-cv-00678-JCM-LRL |
| 7  AMBAC ASSURANCE CORPORATION; and<br>   THE SEGREGATED ACCOUNT OF AMBAC<br>8  ASSURANCE CORPORATION, BY ITS COURT<br>   APPOINTED REHABILITATOR, THE OFFICE<br>9  OF THE COMMISSIONER OF INSURANCE<br>   FOR THE STATE OF WISCONSIN,<br>10<br>11         Appellants,<br>12  v.<br>   LAS VEGAS MONORAIL COMPANY, a Nevada<br>13  non-profit corporation,<br>14         Appellees. | |

**EMERGENCY MOTION FOR ORDER SHORTENING TIME TO HEAR (I) EMERGENCY MOTION FOR STAY PENDING APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8005, AND (II) EMERGENCY REQUEST FOR CERTIFICATION FOR DIRECT APPEAL TO THE COURT OF APPEALS FOR THE NINTH CIRCUIT**

Laurel E. Davis (NV Bar. No. 3005)
Craig S. Dunlap (NV Bar. No. 4974)
Jeffrey J. Steffen (NV Bar No. 9912)
FENNEMORE CRAIG, P.C.
Bank of America Plaza, Suite 1400
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8064
ldavis@fclaw.com

William P. Smith (IL Bar No. 6187205) *
James W. Kapp III (IL Bar No. 6239269) *
Miles W. Hughes (IL Bar No. 6279176) *
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

* Admitted Pro Hac Vice

Attorneys for (i) the Segregated Account of Ambac Assurance Corporation, by its Court Appointed Rehabilitator, the Office of the Commissioner of Insurance for the State of Wisconsin and (ii) Ambac Assurance Corporation

94569.1/27952.001

**EMERGENCY MOTION FOR ORDER SHORTENING TIME TO HEAR (I) EMERGENCY MOTION FOR STAY PENDING APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8005, AND (II) EMERGENCY REQUEST FOR CERTIFICATION FOR DIRECT APPEAL TO THE COURT OF APPEALS FOR THE NINTH CIRCUIT[1]**

Ambac Assurance Corporation, on its own behalf and for The Segregated Account of Ambac Assurance Corporation, and The Segregated Account of Ambac Assurance Corporation by its court appointed Rehabilitator, the Office of the Commissioner of Insurance for the State of Wisconsin, (collectively "**Ambac**"), pursuant to Federal Rule of Bankruptcy Procedure 8011(d) and Local District Court Rules 6-1, 7-2 and 16-1, hereby submit their Emergency Motion for Order Shortening Time to Hear (I) Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8005 and (II) Emergency Request for Certification for Direct Appeal to the Court of Appeals for the Ninth Circuit (the "**Emergency Hearing Motion**"). This Emergency Hearing Motion seeks entry of an Order Shortening Time to hear Ambac's Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8005 (the "**Emergency Stay Motion**") and Ambac's Emergency Request for Certification for Direct Appeal to the Court of Appeals for the Ninth Circuit (the "**Emergency Request**"), which have been filed with this Court contemporaneously with the filing of this Emergency Hearing Motion. Specifically, pursuant to the Emergency Hearing Motion, Ambac respectfully requests that this Court enter a scheduling order which provides for (i) a hearing, with oral argument, on the Emergency Stay Motion and the Emergency Request on the earliest date the Court's calendar will permit in mid-July or thereafter (the "**Expedited Hearing Date**"), (ii) an objection deadline for both the Emergency Stay Motion and the Emergency Request to a date approximately one (1) week prior to the Expedited Hearing Date, and (iii) allowing Ambac to file a reply to any objections posed through the end of business on the day prior to the Expedited Hearing Date. The Emergency Hearing Motion is supported by the Memorandum of Points and Authorities, the Affidavit of Craig S. Dunlap (the substance of which is fully incorporated herein), attached hereto as "Exhibit A", and the facts and arguments in both the Emergency Stay Motion and the

---

[1] Ambac respectfully requests that the Court provide for oral argument on both the (i) Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8005, and (ii) Emergency Request for Certification for Direct Appeal to the Court of Appeals for the Ninth Circuit.

94569.1/27952.001

FENNEMORE CRAIG, P.C.
300 S. FOURTH STREET, SUITE 200
LAS VEGAS, NEVADA 89101

Emergency Request (which are fully incorporated herein by reference).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Background

1. On January 13, 2010, the Las Vegas Monorail Company ("**LVMC**" or the "**Debtor**") filed a voluntary Chapter 11 Petition with the Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**").

2. On January 13, 2010, Ambac filed a motion to dismiss the Debtor's bankruptcy case (the "**Motion to Dismiss**"), wherein Ambac alleged that the Debtor was a "municipality" and therefore ineligible to file a Chapter 11 case.

3. On February 17, 2010, the Bankruptcy Court held a hearing on Ambac's Motion to Dismiss.

4. On April 26, 2010, the Bankruptcy Court entered its order denying the Motion to Dismiss (the "**Dismissal Order**").

5. On May 10, 2010, Ambac timely filed a Notice of Appeal and a Motion for Leave to Appeal, as well as an Election to have the appeal heard in the district court, as opposed to the 9th Circuit Bankruptcy Appellate Panel.

6. On May 12, 2010, Ambac filed its motion for a stay pending appeal with the Bankruptcy Court (the "**Bankruptcy Court Stay Motion**").

7. On May 19, 2010, the Bankruptcy Court entered its order denying the Bankruptcy Court Stay Motion (the "**Denial of Stay Order**").

8. On June 17, 2010, the appeal was docketed with this Court.

9. On June 24, 2010, Ambac filed both the Emergency Stay Motion and the Emergency Request with this Court. Ambac respectfully requests that oral argument be set for both the Emergency Stay Motion and the Emergency Request. Ambac anticipates that oral argument on both the Emergency Stay Motion and the Emergency Request will take less than two (2) hours. If additional parties beyond Ambac and the Debtor wish to argue it could take longer.

10. As set forth in more detail in the Emergency Stay Motion, Ambac respectfully contends that the Bankruptcy Court abused its discretion in denying the Bankruptcy Court Stay

94569.1/27952.001

1  Motion since, among other things, the Bankruptcy Court utilized an incorrect legal standard in deciding the Bankruptcy Court Stay Motion.

11. As set forth in more detail in the Emergency Request, Ambac contends that certification is mandated under 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8001(f) since the issues on appeal involve questions of law as to which there is no controlling decision of the Ninth Circuit Court of Appeals or the United States Supreme Court, the issues on appeal involve matters of public importance, and an immediate appeal will materially advance the ultimate determination of this matter and avoid wasted litigation.

12. An expedited hearing on both the Emergency Stay Motion and the Emergency Request is necessary to avoid the future harm that the Debtor's proposed actions may cause to Ambac.

13. In this respect, the Debtor has represented to the Bankruptcy Court and to Ambac that it intends to move swiftly to propose a plan of reorganization and confirmation of such plan. The Debtor's extension of exclusivity to file a plan expires June 25, 2010; therefore, Ambac expects that the Debtor will file a proposed plan in the near future. Debtor's counsel, William Noall, indicated in Bankruptcy Court this morning that the plan may not be filed for another two or three weeks while the Debtor seeks to work out an arrangement with the indenture trustee (Wells Fargo, N.A.). Furthermore, the Debtor contends that confirmation and substantial consummation of its proposed plan will render Ambac's appeal moot.

14. Although Ambac disputes the mootness arguments raised by the Debtor, Ambac recognizes that a future court may not accept Ambac's legal position. Accordingly, if the Debtor's plans come to fruition, Ambac will effectively be denied its right to be heard in Court on appeal.

15. Moreover, the Debtor has represented to the Bankruptcy Court and Ambac that any proposed plan of reorganization will seek to eliminate the Debtor's payment obligations under the Bond, thereby increasing Ambac's exposure under the Policy and Surety Bond (as more fully described in the Emergency Stay Motion). If such a plan is confirmed and consummated by the Debtor within the short timeframe anticipated by the Debtor, then Ambac's exposure under

4

94569.1/27952.001

the Policy and Surety Bond could potentially exceed a billion dollars. (*See* Declaration of Scott Zuchorski, Bankruptcy Docket #9 at ¶ 13).

16. Ambac's appeal also raises important constitutional questions of first impression relating to a municipality's ability to institute a Chapter 11 proceeding and the Bankruptcy Court's jurisdiction to maintain such a proceeding. If Ambac's Emergency Stay Motion and Emergency Request are not heard on an expedited basis, then the Debtor may, as it has represented, seek to swiftly confirm and substantially consummate a plan of reorganization in order to avoid having these constitutional issues of first impression examined on appeal.

17. On June 23, 2010, prior to filing the Emergency Stay Motion and the Emergency Request, counsel for Ambac made contacts by telephone with opposing counsel regarding this Emergency Hearing Motion requesting an expedited hearing on the Emergency Stay Motion and the Emergency Request as follows: Counsel for the Debtor (William Noall) who indicated the Debtor did not agree to shortening time on the motions. Counsel for Director of the State of Nevada Division of Business and Industry (Rebecca Winthrop) and Counsel for the indenture trustee, Wells Fargo, N.A., (Susan Freeman), did not agree or disagree to the shorten time request as they were going to discuss the matter with their respective clients. Furthermore, and pursuant to Rule 8011(d) of the Federal Rules of Bankruptcy Procedure, the addresses and telephone numbers of Ambac and all other parties involved in this case are as follows:

**Ambac**

Laurel E. Davis
Craig S. Dunlap
Jeffrey J. Steffen
FENNEMORE CRAIG, P.C.
Bank of America Plaza, Suite 1400
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 692-8000

William P. Smith
James W. Kapp III
Miles W. Hughes
Amy Doehring
Steven Scholes
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone: (312) 372-2000

**Debtor**

Erika P. Turner
Gabrielle A. Hamm
Gerald M. Gordon
Matthew C. Zirzow
William M. Noall

**Director of the State of Nevada**

Robert E. McPeak
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, NV 89106
Telephone: (702) 471-7000

94569.1/27952.001

| | |
|---|---|
| GORDON & SILVER, LTD.<br>3960 Howard Hughes Pkwy.<br>9th Floor<br>Las Vegas, NV 89109<br>Telephone: (702) 796-5555 | Rebecca J. Winthrop<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 800<br>Los Angeles, CA 90067-2909<br>Telephone: (424) 204-4330<br><br>Bradley D. Patterson<br>BALLARD SPAHR LLP<br>One Utah Center, Suite 800<br>201 South Main Street<br>Salt Lake City, UT 84111-2221<br>Telephone: (801) 531-3000 |

| **Wells Fargo** | **Bombardier Transportation Holdings USA, Inc.** |
|---|---|
| Rob Charles<br>LEWIS AND ROCA LLP<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, NV 89169-5996<br>Telephone: (702) 949-8200<br><br>Susan M. Freeman<br>Stefan M. Palys<br>LEWIS AND ROCA LLP<br>40 N. Central Avenue<br>Phoenix, AZ 85004-4429<br>Telephone: (602) 262-5311 | Richard F. Holley<br>SANTORO, DRIGGS, WALCH, KEARNEY,<br>HOLLEY & THOMPSON<br>400 South Fourth Street<br>Third Floor<br>Las Vegas, Nevada 89101<br>Telephone: (702) 791-0308 |

**US Bank National Association N.A.**

Jeffrey R. Sylvester
James B. MacRobbie
SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Road, Suite 120
Las Vegas, NV 89128
Telephone: (702) 952-5200

Katherine Constantine
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

/ / /

94569.1/27952.001

## II. Argument

Federal Rule of Bankruptcy Procedure 8011(d) provides as follows:

> Whenever a movant requests expedited action on a motion on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be required for the district court or bankruptcy appellate panel to receive and consider a response, the word "Emergency" shall precede the title of the motion. The motion shall be accompanied by an affidavit setting forth the nature of the emergency. The motion shall state whether all grounds advanced in support thereof were submitted to the bankruptcy judge and, if any grounds relied on were not submitted, why the motion should not be remanded to the bankruptcy judge for reconsideration. The motion shall include the office addresses and telephone numbers of moving and opposing counsel and shall be served pursuant to Rule 8008. Prior to filing the motion, the movant shall make every practicable effort to notify opposing counsel in time for counsel to respond to the motion. The affidavit accompanying the motion shall also state when and how opposing counsel was notified or if opposing counsel was not notified why it was not practicable to do so.

FED. R. BANKR. P. 8011(d). Furthermore, Local Civil Rules 6-1, 7-2, and 16-1 provide the Court with authority to enter an order shortening the time to provide for an expedited hearing and shortened briefing schedule on the Emergency Stay Motion and the Emergency Request. Accordingly, and for all the reasons set forth above, Ambac respectfully contends that various reasons warrant an expedited hearing on both the Emergency Stay Motion and the Emergency Request. If the Court is inclined to enter the proposed order granting an expedited hearing on the Emergency Stay Motion and the Emergency Request, then Ambac anticipates having the order served within one business day of receipt.

## III. Conclusion

WHEREFORE, Ambac respectfully requests a Court order (i) granting the Emergency Hearing Motion, (ii) entering an order which provides for (a) a hearing, with oral argument, on the Emergency Stay Motion and the Emergency Request on the earliest date the Court's calendar will permit in mid-July or thereafter, (b) an objection deadline for both the Emergency Stay Motion and the Emergency Request to a date approximately one (1) week prior to the Expedited Hearing Date, and (c) allowing Ambac to file a reply to any objections posed through the end of

94569.1/27952.001

business on the day prior to the Expedited Hearing Date, and (iii) such other and further relief to which Ambac may be entitled.

Dated:  June 24, 2010

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP
    William P. Smith (IL Bar No. 6187205)
    Steven S. Scholes (IL Bar No. 6191220)
    James W. Kapp III (IL Bar No. 6239269)
    Amy G. Doehring (IL Bar No. 6272148)

FENNEMORE CRAIG, P.C.

By:  /s/ Craig S. Dunlap
    Laurel E. Davis
    Craig S. Dunlap
    Jeffrey S. Steffen

*Attorneys for Ambac Assurance Corporation and The Segregated Account of Ambac Assurance Corporation, by its Court Appointed Rehabilitator, the Office of the Commissioner of Insurance for the State of Wisconsin*

94569.1/27952.001