UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>LAS VEGAS MONORAIL COMPANY,<br>a Nevada non-profit corporation,<br><br>Debtor. | Case No.: No. BK-S-10-10464-BAM<br>Chapter 11<br><br>USDC Case No.: 2:10-cv-00678-JCM-LRL |
| AMBAC ASSURANCE CORPORATION; and THE SEGREGATED ACCOUNT OF AMBAC ASSURANCE CORPORATION, BY ITS COURT APPOINTED REHABILITATOR, THE OFFICE OF THE COMMISSIONER OF INSURANCE FOR THE STATE OF WISCONSIN,<br><br>Appellants,<br><br>v.<br><br>LAS VEGAS MONORAIL COMPANY, a Nevada non-profit corporation,<br><br>Appellees. | REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8005 |

Ambac Assurance Corporation and The Segregated Account of Ambac Assurance Corporation ("**Segregated Account**") by its court appointed Rehabilitator, the Office of the Commissioner of Insurance for the State of Wisconsin (the "**Rehabilitator**" and, collectively with Ambac Assurance Corporation, "**Ambac**"), submit this Reply Brief in Support of their Emergency Motion for Stay Pending Appeal (the "**Motion**"). In the Motion, Ambac demonstrated that a stay pending resolution of Ambac's appeal ("**Appeal**") of the Bankruptcy Court's order denying Ambac's motion to dismiss ("**Order**") [A.E.R. 01880-01932] pursuant to Federal Rule of Bankruptcy Procedure 8005 is warranted under the circumstances because: (1) a stay will ensure that an important issue of first impression, which the Bankruptcy Court incorrectly decided and has constitutional implications, receives appellate review; (2) a stay will not harm the Debtor Las Vegas Monorail Company ("**LVMC**") or its creditors; and (3) a stay will

FENNEMORE CRAIG, P.C.
LAS VEGAS

95868.1/27952.001

avoid the irreparable harm to Ambac and other creditors and parties in interest from implementing a chapter 11 plan or reorganization[1] that would then have to be unwound if Ambac prevails on appeal. As required by Rule 8005, Ambac first demonstrated that it previously made this request to the Bankruptcy Court, but that the request for stay was denied. Ambac then showed that the Bankruptcy Court abused its discretion in denying the stay since it applied the incorrect legal standard (when it concluded that Rule 8005 did not apply) and also by concluding that Ambac had not met the four factors considered by courts when deciding whether to stay proceedings pending appeal.

In Debtor-Appellee's Opposition to Appellants' Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8005 ("**LVMC Opposition**"), LVMC ignores Ambac's arguments about the Bankruptcy Court's abuse of discretion and accuses Ambac of not addressing "in any meaningful fashion" the Bankruptcy Court's denial of Ambac's motion because it sought, what the Bankruptcy Court characterized as a "comprehensive injunction" of the chapter 11 proceedings. LVMC Opposition at 2. LVMC, like the Bankruptcy Court, mischaracterizes Ambac's request when it asserts that "Ambac is seeking, by requesting a stay, the very relief which it was denied on the merits." LVMC Opposition at 9 (quoting Stay Denial Order at 3). Ambac is not asking this Court to dismiss LVMC's petition pending appeal. Rather, Ambac is asking the Court to stay the Bankruptcy Court proceedings until the resolution of the important issue of whether the Bankruptcy Court can exercise constitutional authority over LVMC's chapter 11 petition. Such a stay is available under Rule 8005, which provides in pertinent part that "the bankruptcy judge may *suspend* or order the continuation of *other proceedings in the case under the Code or make any other appropriate order during the pendency*

---

[1] LVMC has filed several stipulations to extend the exclusivity period for filing a chapter 11 plan of reorganization. If LVMC's chapter 11 plan is confirmed in the absence of a stay pending appeal, and the Order is subsequently reversed on Appeal, Ambac does not believe that the Appeal will become moot because all of the Bankruptcy Court's rulings in the Chapter 11 bankruptcy case will be void on jurisdictional and Constitutional grounds. However, LVMC has taken the position that the Appeal will become moot if the Bankruptcy Court confirms a chapter 11 plan, and the plan becomes substantially consummated. In order to avoid any uncertainty regarding these issues, Ambac believes that it is necessary for this Court to issue a stay pending final adjudication of this Appeal.

*of an appeal on such terms as will protect the rights of all parties in interest.*" (Emphasis added).

Ambac addressed the Bankruptcy Court's misapplication and misreading of Rule 8005 and its conclusion that Ambac should have commenced an adversary proceeding to seek an injunction. Motion at 3-4, 7-8. As explained therein, contrary to the Bankruptcy Court's conclusion, the plain language of Rule 8005 provides courts the avenue to grant exactly the relief sought by Ambac. Fed. R. Bankr. P. 8005 (giving the Bankruptcy Court the power to suspend the proceedings or "*make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest*") (emphasis added). LVMC ignores the language of Rule 8005 in its Opposition.

LVMC then argues that even if Rule 8005 applies, Ambac has not met the four factors considered by courts in granting a stay: 1) appellant's likelihood of success on the merits of the appeal; (2) whether appellant will suffer irreparable injury absent a stay; (3) whether issuing the stay will substantially injure the appellee or the defendant; and (4) the public interest. *Adelson v. Smith (In re Smith)*, 397 B.R. 134, 136 (Bankr. D. Nev. 2008). As set forth fully in Ambac's Motion, and explained below, LVMC is wrong – Ambac meets all four factors. Accordingly, the Bankruptcy Court abused its discretion in refusing to stay proceedings pending Ambac's Appeal.[2]

---

[2] Although not pertinent to the issues raised on Appeal or this Motion, LVMC mischaracterizes certain facts and implications regarding the creation of the Segregated Account. Specifically, the allegations in Paragraphs 2-5 of the LVMC's Response are inaccurate and are directly contradicted by the Wisconsin rehabilitation court proceedings. First, contrary to LVMC's assertion, the Segregated Account is not capitalized with only a non-marketable $2 billion note of questionable value. In fact, all policyholder claims (including claims of the LVM Bondholders) in respect of policies allocated to the Segregated Account, are supported by direct recourse against essentially all of the assets of Ambac Assurance Corporation. The Office of the Wisconsin Commissioner of Insurance made express findings to that effect on March 24, 2010, detailing the adequacy of the capitalization of the Segregated Account. Similarly, the Wisconsin Circuit Court subsequently made specific Findings of Fact and Conclusions of Law to that effect. Those Findings and Conclusions are posted on the public website approved by the Wisconsin Circuit Court for giving public notice of court filings and decisions. *See* www.ambacpolicyholders.com posting for the Wisconsin Circuit Court's May 27, 2010 "Findings of Fact and Conclusions of Law Regarding Motions of Certain LVM Bondholders" at Finding ¶ 26 (first bullet point) and Conclusion ¶ 2. As noted in the Wisconsin Commissioner's May 20, 2010 brief (*see* pp. 22-23), the Segregated Account is fully and fairly capitalized by the resources of Ambac, and, as noted in that same brief at page 27, "the pool of assets available to pay policyholder claims (via the secured note and reinsurance policy from Ambac) is essentially the same as existed prior to the establishment of the Segregated Account." *See* posting on ambacpolicyholders.com; *see also* Plan of Operation for the Segregated Account attached to the Wisconsin Commissioner's 3/24/10 Petition for Rehabilitation in the Wisconsin rehabilitation court. *Id.*

Similarly, LVMC's contentions that (a) the General Account of Ambac is a mere "servicer" or (b) that the

A.  **Ambac Has a Likelihood of Success on the Merits of Its Appeal.**

In the Motion, Ambac demonstrated that it has a likelihood of success on the merits of its Appeal. Ambac explained how in the Order the Bankruptcy Court created a legal framework for analyzing the question of whether LVMC is an instrumentality of the State that has not been used by any other court and that the Bankruptcy Court ignored or misinterpreted the case law and statutory guidance with respect to the defining characteristics of a "municipality" or an "instrumentality of a State" under Section 101(40) of the Bankruptcy Code. Motion at 9-12.

Rather than identify any authority that supports the Bankruptcy Court's Order or otherwise refute Ambac's arguments that the Bankruptcy Court erred when it concluded that LVMC is not an instrumentality of the State of Nevada, LVMC diverts the issue to a discussion of the standard of review on appeal. LVMC Opposition at 11-12. LVMC, however, is entirely wrong in its assertion that the standard of review for Ambac's Appeal is clearly erroneous. Rather, as shown by the cases cited by LVMC, the standard of review is *de novo*.

LVMC asserts that the review of the trial court's factual findings regarding the "degree of control" a person exercises over an entity is reviewed under the clearly erroneous standard of review. LVMC Opposition at 11, citing *Harwood v. FNFS Ltd. (In re Harwood)*, Nos. 6:09-cv-112 (LEAD) & 6:09-cv-126, 2010 U.S. Dist. LEXIS 30860, at *5 (E.D. Tex. Mar. 30, 2010). The Texas court in *Harwood* examined the degree of control exercised by the individual debtor, Harwood, over a company. *Harwood*, 2010 U.S. Dist. LEXIS 30860, at *9-*11. However, once the court determined the degree of control as a matter of fact, the legal effect of that control (*i.e*, whether Harwood owed the company a fiduciary duty) was a legal issue that the court reviewed

---

Wisconsin rehabilitation court's temporary injunction will preclude the beneficiaries of policies in the Segregated Account from receiving fair and appropriate consideration on their policy claims pursuant to the Wisconsin Commissioner's Plan of Rehabilitation, each lack merit. The Wisconsin Circuit Court's temporary moratorium on payments referenced by LVMC is a standard part of the rehabilitation process. Following confirmation of the Commissioner's Plan of Rehabilitation, there will be "catch up" payments for any beneficiaries who were adversely affected by the temporary moratorium; those payments will be effected from the General Account pursuant to the court-approved secured note and reinsurance agreement.

In short, the allegations advanced here by LVMC about the Wisconsin rehabilitation proceeding are misguided, materially inaccurate, and have been expressly rejected by the Wisconsin Circuit Court.

*de novo*. *Id.* at *6 ("The question of whether a fiduciary duty exists for purposes of the bankruptcy code is a matter of federal law and is subject to the *de novo* review by the Court.").

Similarly, in this case, there is no factual dispute about the powers and control that the State of Nevada has over LVMC. In fact, in determining whether LVMC is an instrumentality of the State of Nevada, the Bankruptcy Court did not decide any disputed facts, nor does Ambac's Appeal challenge any of the Bankruptcy Court's factual findings. Rather, at issue in Ambac's Appeal is the legal effect of that control, *i.e.*, whether that control renders LVMC an instrumentality of the State of Nevada under the Bankruptcy Code. Thus, as in the *Harwood* case, that legal conclusion is reviewed *de novo*. *Id.*; *see also In re City of Vallejo*, 408 B.R. 280, 288-89 (9th Cir. B.A.P. 2009) (case cited by LVMC, recognizing that the appellate court reviews the bankruptcy court's conclusions of law *de novo*).

It appears that the only argument that LVMC could make to challenge Ambac's showing regarding its likelihood of success on the merits of its Appeal is to incorrectly identify the standard of review. For the reasons set forth in the Motion, Ambac has demonstrated that it is likely to succeed on the merits of the Appeal, which LVMC has been unable to refute in any meaningful way.

**B.   Ambac Will Suffer Irreparable Harm Absent a Stay Pending Appeal.**

In its Motion, Ambac showed that if the chapter 11 reorganization continues while the Appeal is pending, Ambac and other interested parties are likely to incur irreparable injury, either because the Appeal will be rendered moot by the substantial consumption of the plan (as LVMC contends), or because all of the reorganization efforts in the chapter 11 case will have to be unwound (as Ambac contends). As Ambac explained, unwinding the reorganization may unavoidably lead to unknown and unknowable harm being inflicted upon innocent creditors, vendors and other parties in interest – all of which would be avoided only if the District Court stays the chapter 11 bankruptcy proceedings pending resolution of Ambac's Appeal. Motion at 12-14.

FENNEMORE CRAIG, P.C.
LAS VEGAS

95868.1/27952.001

In response, LVMC makes clear that it will continue to move forward with its reorganization in the absence of a stay pending appeal and contends that doing so may moot the Appeal, notwithstanding the need for an appellate court to adjudicate important statutory interpretation and Tenth Amendment issues raised by Ambac's Appeal. *See* LVMC Opposition at 13. LVMC further argues Ambac will not be injured or that any injury to Ambac has a legal remedy. LVMC Opposition at 13-14. However, LVMC does not explain how Ambac could be compensated for the harm to it caused by proceeding with a reorganization, incurring all the costs associated therewith, and facing the practical difficulty of unwinding the transactions implemented as part of a reorganization – or put simply, LVMC does not explain how Ambac or any other creditor will be able to unscramble the egg. Because Ambac and other creditors face harm that could be avoided by staying the chapter 11 proceedings pending resolution of Ambac's Appeal, the District Court should stay the chapter 11 bankruptcy case until Ambac's Appeal is resolved.

C.   **LVMC Will Not Be Harmed by a Stay.**

In its Motion, Ambac explained that LVMC continues to operate during reorganization and, as such, LVMC will not face any harm from a stay. Motion at 14-16. LVMC makes two responses: (1) that a stay will harm it since it will have the uncertainty of the bankruptcy proceeding hanging over its operations (LVMC Opposition at 15-16); and (2) that Ambac should post a bond in the event of a stay (LVMC Opposition at 9-10). First, LVMC is currently operating with the uncertainty of the bankruptcy proceedings hanging over its operations. The stay would preserve the status quo by keeping LVMC in the same state with no further harm to LVMC. More importantly, the District Court's issuance of a stay pending appeal will remove the additional uncertainty hanging over LVMC about whether its chapter 11 reorganization will have to be completely unwound in the event that the Order is reversed on Appeal. If the chapter 11 case is stayed while the appellate courts review whether the Bankruptcy Court has jurisdiction to effect the chapter 11 reorganization, one part of the cloud of uncertainty that LVMC is claiming

exists will be removed, which would benefit (not harm) LVMC and other creditors.

In addition, LVMC makes the puzzling accusation that Ambac's Motion "makes no mention of a bond." LVMC Opposition at 9-10. To the contrary, Ambac addressed the issue of an appeal bond on pages 15-16 of its Motion. As explained therein, the Court should not require Ambac to post a bond because LVMC will not be harmed by a stay pending appeal. However, if this Court determines that a bond is required, Ambac submits that the amount of the bond should be minimal given that LVMC is operating cash flow positive in the chapter 11 case.

### D. A Stay Advances the Public Interest.

Finally, in Ambac's motion, Ambac showed that a stay advances the public interest because "[t]here is a great public interest in the efficient administration of the bankruptcy system." *Adelson*, 397 B.R. at 148. LVMC's only response is that the Bankruptcy Court concluded a stay was not in the public interest and that Ambac did not show that conclusion was an abuse of discretion. LVMC Opposition at 16. However, LVMC does not dispute, because it cannot, that a stay of the proceedings pending resolution of Ambac's Appeal of the Order will conserve the resources and time of the Bankruptcy Court, LVMC and its creditors. Furthermore, the public interest is served by ensuring that an important, constitutional issue of first impression in the Ninth Circuit is afforded appellate review. Ensuring that important issues are properly reviewed maintains and instills confidence in the judicial system, thereby advancing the public interest.

### VII. CONCLUSION

For the reasons set forth herein and in Ambac's Motion, Ambac respectfully requests that this Court grant Ambac's request for a stay pending appeal.

FENNEMORE CRAIG, P.C.
LAS VEGAS

95868.1/27952.001

7

| | | |
|---|---|---|
| 1 | Dated: July 15, 2010 | Respectfully submitted, |
| 2 | | |
| 3 | | MCDERMOTT WILL & EMERY LLP<br>    William P. Smith (IL Bar No. 6187205)<br>    Steven S. Scholes (IL Bar No. 6191220) |
| 4 | |     James W. Kapp III (IL Bar No. 6239269)<br>    Amy G. Doehring (IL Bar No. 6272148) |
| 5 | | |
| 6 | | FENNEMORE CRAIG, P.C. |
| 7 | | By:    /s/ Craig S. Dunlap<br>    Laurel E. Davis |
| 8 | |     Craig S. Dunlap<br>    Jeffrey S. Steffen |
| 9 | | |
| 10 | | *Attorneys for Ambac Assurance Corporation* |
| 11 | | *and The Segregated Account of Ambac Assurance Corporation, by its Court Appointed* |
| 12 | | *Rehabilitator, the Office of the Commissioner of Insurance for the State of Wisconsin* |

FENNEMORE CRAIG, P.C.
LAS VEGAS

95868.1/27952.001