# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>LAS VEGAS MONORAIL COMPANY, a Nevada non-profit corporation,<br><br>    Debtor.<br>_____<br><br>AMBAC ASSURANCE CORPORATION, et al.<br><br>    Appellants,<br><br>v.<br><br>LAS VEGAS MONORAIL COMPANY, a Nevada non-profit corporation,<br><br>    Appellee. | CV-S- JCM (PAL) |

**ORDER**

Presently before the court is appellants Ambac Assurance Corporation and The Segregated Account of Ambac Assurance Corporation's (hereinafter collectively "Ambac") motion to treat May 10, 2010, notice of appeal as a notice of appeal as of right under the collateral order doctrine (doc. #15). Appellee Las Vegas Monorail Company (hereinafter "LVMC") filed an opposition (doc. #21). Ambac filed a reply in support of the motion (doc. # 29).

**James C. Mahan**
**U.S. District Judge**

Also before the court is Ambac's emergency motion for stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005 (doc. # 27). LVMC filed an opposition (doc. # 38). Ambac filed a reply (doc. # 52).

On April 26, 2010, the United States Bankruptcy Court for the District of Nevada entered an order denying Ambac's motion to dismiss LVMC's chapter 11 case. Ambac filed a timely appeal and a motion for leave to appeal. On May 12, 2010, Ambac filed its motion for stay pending appeal with the bankruptcy court, which was denied a week later.

Subsequently, on June 17, 2010, the appeal was docketed with this court. In its appeal, Ambac asserts that the bankruptcy court abused its discretion in denying the motion to stay, and requests that this court grant its motion for stay (doc. #27) and its motion to treat the notice of appeal as a notice of appeal as of right under the collateral order doctrine (doc. #15).

**Ambac's Motion to Treat Appeal Under Collateral Order Doctrine**

Under the collateral order doctrine, a court may treat an order as "final" if it meets the following criteria; "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from final judgment." *Burlington N. & Santa Fe Rwy. Co v. Vaughn,* 509 F.3d 1085, 1089-90 (9th Cir. 2007) (quoting *Coopers &Lybrand v. Livesay,* 437 U.S. 463, 468 (1978)); *see also Will v. Hallock,* 546 U.S. 345, 347 (2006); *Digital Equip Corp v. Desktop Direct, Inc*. 511 U.S. 863, 867 (1994).

Appellant asserts that the order is appealable based upon the above listed criteria. First, Ambac alleges that LVMC is a municipality and is not a "person" eligible to file chapter 11. As Ambac's motion states, "government unit[s] are expressly excluded from the definition of a person" pursuant to 11 U.S.C. § 101(41).  However, in the bankruptcy court's order, it determined that LVMC was a person, and in fact was eligible to file chapter 11. In deciding this, the bankruptcy court "conclusively determined the disputed issue," and held that an exercise of jurisdiction was proper. Without this determination, LVMC would be excluded from filing, and the bankruptcy court would be unable to hear the case due to lack of jurisdiction.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1     Second, Ambac asserts that the order resolved the 'important issue" of whether LVMC is a municipality, which would exclude it from being able to file chapter 11. Ambac explains that this issue is separate from the reorganization of LVMC's debts, due to the fact that the bankruptcy court did more than merely determine if LVMC had standing or was entitled to reorganize by expressly determining that it was *not* an instrumentality. Thus, appellant argues that the determination is "entirely unrelated to the issues of *how* LVMC will reorganize its debts and obligations in the chapter 11 proceeding." [emphasis added]

    Lastly, Ambac states that LVMC has taken the position in its opposition to the motion to dismiss, that the order will not be reviewable on appeal at the end of the chapter 11 proceeding. However, as Ambac correctly concedes, "its appeal raises a jurisdictional issue that cannot be rendered moot." This court is not inclined to treat the order as final and the appeal as an appeal as of right under the collateral order doctrine, when it does not satisfy the necessary criteria.

**Ambac's Motion for Stay Pending Appeal**

    Pursuant to Federal Rule of Bankruptcy Procedure 8005, a "motion for stay pending appeal shall first be made to the bankruptcy court." Rule 8005 also states that a motion for stay "may be made to the district court..., but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge."

    On May 12, 2010, the appellant filed its motion to stay as required by Bankruptcy Rule 8005, which was later denied by the bankruptcy court. Ambac asserts that it supported the motion for stay with "undisputed facts including LVMC's own explicit admission that LVMC is an instrumentality of the State of Nevada, and the bankruptcy court's findings that the governor of Nevada had "expansive" and significant" control over the debtor [LVMC]."

    Despite these admissions and findings, the bankruptcy court denied the motion for stay. The bankruptcy court held that it "lacked authority to stay the entire case," that "Rule 8005 [was] otherwise not applicable," and that "Ambac's motion [was] deficient in that the injunction it [sought] would require the commencement of an adversary proceeding." Ambac asserts that the bankruptcy court "incorrectly decided that what Ambac was seeking... was an injunction, as opposed to a stay

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  pending appeal, and incorrectly determined that Rule 8005 was inapplicable."

2  Federal Rule of Bankruptcy Procedure 8005 provides in pertinent part, "subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of *other proceedings in the case* under the code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." [emphasis added] The clear language states that the bankruptcy court in fact does not have the authority to suspend the entire proceedings pending a determination of jurisdiction, and that it only has the authority to suspend "other proceedings in the case."

Ambac requested a stay of the entire case. Thus, the bankruptcy court did not err by determining that it lacked the authority to stay nor in denying the motion. Likewise, this court lacks the necessary authority to stay the entire bankruptcy proceedings pending an appeal in this court.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that Ambac Assurance Corporation et al's motion to treat May 10, 2010 notice of appeal as a notice of appeal as of right under the collateral order doctrine (doc. #15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Ambac Assurance Corporation et al's emergency motion for stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005 (doc. # 27) be, and the same hereby is, DENIED.

DATED October 29, 2010.

_____
**UNITED STATES DISTRICT JUDGE**