UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2:10-CV-S-678 JCM (LRL)

In re

LAS VEGAS MONORAIL COMPANY, a Nevada non-profit corporation,

        Debtor.

_____

AMBAC ASSURANCE CORPORATION, et al.

        Appellants,

v.

LAS VEGAS MONORAIL COMPANY, a Nevada non-profit corporation,

        Appellee.

**ORDER**

      Presently before the court is Ambac Assurance Corporation's motion for rehearing of the order dated January 31, 2011. (Doc. #63). Las Vegas Monorail Company (hereinafter "LV Monorail") filed an opposition. (Doc. #56). Ambac filed a reply. (Doc. #67).

      The United States Bankruptcy Court for the District of Nevada entered an order denying Ambac's motion to dismiss LV Monorail's chapter 11 case on April 26, 2010. On May 10, 2010,

**James C. Mahan**
**U.S. District Judge**

1  Ambac filed a timely appeal and a motion for leave to appeal with the bankruptcy court[1]. On May
2  12, 2010, Ambac filed its motion for stay pending appeal with the bankruptcy court, which was
3  denied a week later. On June 17, 2010, the appeal was docketed with this court. In its appeal, Ambac
4  asserts that the bankruptcy court abused its discretion in denying the motion to stay.

5  Ambac filed several pleadings with this court after the notice of appeal (doc. #1), including;
6  (1) motion to treat May 10, 2010 notice of appeal as a notice of appeal as of right under the collateral
7  order doctrine (doc. #15), (2) emergency motion to expedite to hear (I) emergency motion for stay
8  pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005, and (II) emergency request
9  for certification for direct appeal to the Court of Appeals for the Ninth Circuit (doc. #25), (3)
10 emergency motion for certification for direct appeal to the Ninth Circuit Court of Appeals (doc. #26),
11 and (4) emergency motion to stay (doc. #27).

12 On October 29, 2010, this court entered an order (doc. #61) denying Ambac's motion to treat
13 the appeal as a notice of appeal as of right under the collateral order doctrine, and denied Ambac's
14 motion for a stay. The court held that it was not inclined to treat the order as final, as the appeal did
15 not meet the necessary criteria to be treated as an appeal of right. Subsequently, on January 31, 2011,
16 the court entered an order (doc. #62) denying as moot Ambac's emergency request for certification
17 for direct appeal to the Ninth Circuit and its motion to expedite. The court held that since the
18 bankruptcy court's order was *not* final and thus *not* able to be treated as an appeal as of right, the
19 motion for certification for direct appeal was moot.

20 **Motion to Reconsider**

21 In the present motion to reconsider (doc. #63), Ambac asserts that since this court ultimately
22 decided that the order was interlocutory and not appealable, it lacks jurisdiction to rule on the motion

---

[1] Ambac asserts in its present motion (doc. #63) that its motion for leave to appeal is pending before this court. However, the court is unable to identify any such motion on its docket, and Ambac expressly states in the present motion (doc. #63, pg. 4) that it "filed its motion for leave to appeal [Bankruptcy Docket No. 370] (the "Motion for Leave") with the [b]ankruptcy [c]ourt." Ambac asserts that it wrote, in bold, the letters "TO BE TRANSMITTED TO THE U.S. DISTRICT COURT PURSUANT TO FED.R.BANKR.P. 8003(b))" on the top of the motion. Despite this assertion, the motion is not pending before this court, and neither party has cited to a corresponding docket number in this court for Ambac's motion for leave.

**James C. Mahan**
**U.S. District Judge**

- 2 -

for certification. Specifically, Ambac asserts that the appeal was never "docketed" with this court, which requires the motion for certification to be transferred back to the bankruptcy court for ruling on the merits.

Pursuant to 28 U.S.C. § 158(d)(2)(A), jurisdiction is conferred "upon courts of appeals to entertain a direct appeal if the bankruptcy court, district court, or the bankruptcy appellate panel *involved* certifies that the appeal is appropriate for direct appeal." *Frye v. Excelsior College (in re Frye), 389 B.R. 87, 88* (B.A.P. 9th Cir. 2008) (emphasis in original) (quoting 28 U.S.C. § 158(d)(2)(A)). Bankruptcy Rule 8001(f)(2) states that a motion for certification "shall be filed in the court in which a matter is pending," and that a 'matter is pending' in a district court or bankruptcy appellate panel *after the docketing*, in accordance with [r]ule 8007(b), of an appeal taken under 18 U.S.C. § 158(a)(1) or (2), or *grant of leave to appeal* under 28 U.S.C. § 158(a)(3). Bankruptcy Rule 8001(f)(2).

When discussing the duty of the clerk to transmit copy of record, Bankruptcy Rule 8007(b) (titled "Docketing the Appeal") states that after the record is complete for purposes of the appeal, "the clerk shall transmit a copy thereof forthwith to the clerk of the district court..." and "[o]n receipt of the transmission the clerk of the district court...shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from..." Therefore, the act of transmitting the appellate record and the subsequent receipt and entering into the docket of the like, constitutes "docketing the appeal."

Here, it is undisputed that, as mentioned above, the appeal was referred to this court from the bankruptcy court, *transmitted* to this court per the request of Ambac, and a memorandum was filed in support of the appeal on May 11, 2010. (Docs. #1, #1-1, #1-2, and #1-3). Further, in the months of May and June of 2010, the statement of issues and designation of record and transcripts were filed, and on June 9, 2010, the clerk of the bankruptcy court entered and noticed its certificate of record. (Doc. #65). The parties have fully briefed the appeal (docs. #46, #56, and #58) and the motions (docs. #15, #25, #26, and #27) regarding the appealable nature of the bankruptcy court's order. All of these actions support a finding that the appeal was in fact "docketed" with this court.

1  In determining if a court has the authority to certify a matter for direct appeal, the court in
2  *Frye* identified a bright-line test for identifying the court in which a matter is pending. The court held
3  that "[u]nder subdivision (f)(2), the bright-line chosen is the *"docketing"* under [r]ule 8007(b) of an
4  appeal of an interlocutory order or decree under 28 U.S.C. § 158 (a)(2), or a final judgment, order,
5  or decree under 28 U.S.C. § 158(a)(1), or the *granting of leave to appeal*[2] any other interlocutory
6  judgment, order or decree under 28 U.S.C. § 158(a)(3), *whichever is earlier.*" *Frye,* 389 B.R. at 90-
7  91 (quoting Fed. R. Bankr. P. 8001(f)(2) (Interim Rule), Adv. Comm. Note) (Emphasis added).

8  Here, Ambac filed its appeal under the contention that the bankruptcy court's dismissal order
9  was final, and the appeal was thus taken under 28 U.S.C. §158(a)(1). This court docketed the appeal,
10  and Ambac filed its motion for certification of direct appeal with this court (doc. #26). Therefore,
11  this court had the authority to certify the matter at all times after the "docketing" of the appeal. *Frye,*
12  389 B.R. at 90-91. The fact that the court ultimately determined the bankruptcy court's order was
13  interlocutory and not appealable, does not then require the court to look at 'the granting of leave to
14  appeal' under 28 U.S.C. § 158(a)(3) to determine which court has the authority to certify, and does
15  not divest jurisdiction back to the bankruptcy court for determination on the motion for certification.

16  The court notes that the language of rule 8001(f)(2) expressly states "whichever is earlier."
17  Here, regardless of a pending motion for leave to appeal which was never filed with this court, the
18  "docketing" of the appeal came first in time, and gave this court the authority to determine the
19  motion for certification. Fed. R. Bankr. P. 8001(f)(2).

20  Further, this is not the case where Ambac erroneously filed the motion for certification with
21  the wrong court, which, pursuant to rule 5005(c), would warrant a transfer of the motion to the
22  bankruptcy court. Fed. R. Bankr. P. 5005(c). Ambac cites *Anderson v. Walker Indus., Inc. v.*
23  *Lafayette Metals, Inc. (In re Anderson-Walker Indus., Inc.),* 798 F.2d 1285, 1288 (9th Cir. 1986),
24  in asserting that rule 5005(c) "only requires that the [party] intend that the paper will become a part
25  of the bankruptcy court proceedings and receive some official action."

---

[2] As set forth above, the court need not discuss the granting of leave to appeal, as there is no such motion pending before this court.

**James C. Mahan**
**U.S. District Judge**

- 4 -

However, as Ambac deliberately filed the motion with this court (doc. #26), did not move to vacate it or withdraw it for months, and only sought a transfer after this court ruled on the motion (doc. #63), this situation is distinguishable from *Anderson*. Thus, there is nothing erroneous or inadvertent regarding the motion being docketed and dealt with by this court. *See, e.g. Hi-Tech Commv'ns Corp. v. Poughkeepsie Bus. Park, LLC (In re Wheatfield Bus. Park, LLC)*, 308 B.R. 463 (B.A.P. 9th Cir. 2004).

As the appeal was properly docketed in this court, it retained authority to determine the motion for certification, and did not err in doing so.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that Ambac Assurance Corporation's motion for rehearing of the order dated January 31, 2011 (doc. #63) be, and the same hereby is, DENIED.

DATED March 25, 2011.

_____
**UNITED STATES DISTRICT JUDGE**